IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SERMENO, | No. 2:25-CV-1902-DAD-DMC |
| Plaintiff, | |
| v. | ORDER |
| DEBBY GROVER, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

1

# I. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff brings claims against Defendants Debbie Grover, Melissa Romero, A. Smith, and Butte County. See ECF No. 1. According to Plaintiff, Defendant Grover "prepared a pre-sentence report that falsely classified [Plaintiff's] prior conviction as a felony in order to justify a sentencing enhancement" despite such conviction having "been formally reduced to a misdemeanor [ ] years earlier." Id. at 2. Plaintiff also contends that Defendant Grover "failed to include applicable pre-sentence custody credits" in that same report. Id. Plaintiff asserts that Defendants Romero and Smith did not take "any steps to verify or correct the record." Plaintiff states "it was only through [Plaintiff's] efforts – and with the help of his attorney – that certified documents were obtained from Glenn County, forcing the court to correct the record and impost a lesser sentence on September 5, 2024." Id. at 3.

Further, Plaintiff asserts these actions were the result of "racial discrimination and institutional culture of indifference." Id. Plaintiff provides background on the "historical and systematic discrimination" Black individuals face in the legal system, "consistent with findings in the California Reparations Report, Chapter 11." Id. Plaintiff then provides his own "personal history and systematic racial discrimination," which explains his interactions with the criminal system throughout his life. See id. at 4. Plaintiff asserts fourteen claims against the Defendants, including allegations of violations of Plaintiff's rights to Due Process and Equal Protection, violations of Brady obligations, First Amendment retaliation, involuntary servitude under the Thirteenth Amendment, municipal liability claims arising from these allegations against Defendant Butte County, and a violation of international law. See id. at 5-15.

# II. DISCUSSION

The Constitution provides courts jurisdiction over cases and controversies, which requires that "the party bringing the suit [ ] establish standing to prosecute the action." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004). It is an "essential and unchanging part of the case-or-controversy requirement" that a plaintiff seeking to sue in federal court must establish

2

Article III standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). For a plaintiff to have standing, there must be: (1) "an injury in fact—a harm suffered by the plaintiff;" (2) "causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant;" and (3) "redressability—a likelihood that the requested relief will redress the alleged injury." Steel Co v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998) (citation omitted).

This limitation imposed by the Article III of the Constitution "grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." TransUnion LLC v. Ramirez, 594 U.S. 413, 427 (2021) (citation omitted). "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." Id.

Here, Plaintiff contends that Defendants violated his constitutional rights by including "false" information in a sentencing report "affecting [Plaintiff's] sentencing exposure." ECF No. 1, pg. 2. However, Plaintiff contends that this error was fixed before Plaintiff's sentencing and therefore, Plaintiff suffered no concrete harm, or injury in fact, as a result of this "falsely classified" prior conviction. Plaintiff asserted that there was the potential of an injury, and such injury was avoided, not that he suffered a concrete, particularized injury. Accordingly, Plaintiff has not established standing to pursue this action. Out of an abundance of caution and given Plaintiff's pro se status, the Court will provide Plaintiff with the opportunity to amend the complaint to establish standing.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 15, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE