1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY SERMENO,                              No.  2:25-CV-1902-DAD-DMC

12                Plaintiff,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14    DEBBY GROVER, et al.,

15                Defendants.

16

17          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18    Court are Plaintiff's motion to appoint counsel, ECF No. 10, motion for preliminary injunction,

19    ECF No. 12, motion for expedited relief, ECF No. 13, and motion for deferment, ECF No. 16.

20

21                              **I. BACKGROUND**

22          Plaintiff filed the original complaint on July 7, 2025. See ECF No. 1. This Court

23    dismissed the complaint with leave to amend, ECF No. 8. On August 25, 2025, Plaintiff filed a

24    motion to appoint counsel, ECF No. 10, motion for limited discovery, ECF No. 11, motion for

25    preliminary injunction, ECF No. 12, motion for expedited relief, ECF No. 13, motion for

26    reconsideration, ECF No 14, an amended complaint, ECF No. 15, and motion for deferment, ECF

27    No. 16.

28    / / /

1

**A.     Motion for Deferment, ECF No. 16**

2        Plaintiff requests "an order deferring consideration, briefing, and/or decision on all

3   currently pending substantive motions in this matter until the Court has ruled on Plaintiff's

4   Motion for Appointment of Counsel." ECF No. 16.

5

**B.     Motion to Appoint Counsel, ECF No. 10**

6        Plaintiff requests appointment of counsel "pursuant to 28 U.S.C. § 1915 (e)(1) and

7   Eastern District of California General Order 558." ECF No. 10, pg. 1. Plaintiff provides four

8   "grounds" that necessitate appointment of counsel, as follows:

9
10        1. This case involves **complex constitutional claims** under 42 U.S.C. §§1983 and
          1985, including Monell municipal liability, due process, equal protection, and
          ongoing injunctive relief.

11        2. The factual record spans over **twelve years of misconduct** by the same
          probation officer, including a 2012 juvenile offense misclassification and a 2024
          false felony enhancement.

12        3. The case involves **overlapping federal and state proceedings**, including
          *Sermeno v. Bonta* (E.D. Cal.) and *Sermeno v. Bonta* (Sacramento County Superior

13        Court, Cas No. 25WM000140).

14        4. Effective prosecution will require discovery from **multiple agencies** (Butte
          County Probation, CDCR, DOJ, California Attorney General's Office) and expert
          testimony.

15
16        Id. at 1-2 (emphasis in original).

17

**C.     Motion for Preliminary Injunction, ECF No. 12**

18        In the motion for preliminary injunction, Plaintiff asserts that a 2012 probation

19   report misclassified Plaintiff's juvenile offense by including it in his "'Adult Record'" and that a

20   2024 probation report presented a "prior misdemeanor conviction as a felony . . . while omitting

21   statutory custody credits." ECF No. 12, pg. 2. Plaintiff contends he suffers ongoing harm in the

22   form of "continued enforcement of parole conditions instead of PRCS . . . false criminal history

23   impacts employment, housing, and legal proceedings . .  [and] false records may be used to

24   justify higher supervision, custody, or enhancements." Id. at 11. The relief Plaintiff requests is, as

25   follows:

26        1. Enjoining Defendants from using the 2012 and 2024 misclassifications in any
          official capacity;

27        2. Order immediate correction and notification of DOJ, CDCR, and supervising
          agencies;

28        3. Prohibit enforcement of supervision conditions based on the false records;
          4. Issue declaratory judgment that Defendants' conduct violates Plaintiff's

2

constitutional rights;
5. Require Defendants to implement oversight, auditing, and training to prevent recurrence; and
6. Grant such other relief as the Corut deems just and proper.

Id. at 5.

Plaintiff attached his Butte County probation criminal history summary, which Plaintiff asserts shows the "material misclassification of Plaintiff's August 15, 2011 juvenile offense as an adult conviction . . . [and] reflects the 2024 false felony enhancement designation in the same criminal history section . . ." Id. at 13. Plaintiff additionally provides the abstract of judgment and September 5, 2024, minute order from Butte County Superior Court Case No. 24CF02944. See id. at 14. Plaintiff contends that this exhibit "shows the court-imposed PRCS sentence, contradicting CDCR's later override to parole based on the same false probation records . . . [and] supports Plaintiff's claims of ongoing PRCS-to-parole override harm . . ." Id.

### D.     Motion for Expedited Relief, ECF No. 13

Plaintiff filed a motion for expedited relied, ECF No. 13, requesting "expedited consideration" of his motion for a preliminary injunction, ECF No. 12.

## II. DISCUSSION

The undersigned will recommend Plaintiff's motion to appoint counsel, ECF No. 10, be denied, and motion for a preliminary injunction, ECF No. 12, be denied. In light of these recommendations, the undersigned will additionally recommend the motion for deferment, ECF No. 16, and motion for expedited relief, ECF No. 13, be denied as moot.

### A.     Motion for Deferment, ECF No. 16

Given these findings and recommendations recommend denial of Plaintiff's motion to appoint counsel, for the reasons explained below, deferment on deciding the other motions would not be necessary. Thus, the undersigned will recommend the motion for deferment be denied as moot.

/ / /

/ / /

3

1    **B.     Motion to Appoint Counsel, ECF No. 10**

2            The United States Supreme Court has ruled that district courts lack authority to

3    require counsel to represent indigent plaintiffs in civil actions.  See e.g. Mallard v. United States

4    Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may

5    request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v.

6    Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

7    (9th Cir. 1990).

8            In the present case, the Court does not find the required exceptional

9    circumstances. Plaintiff's motion to appoint counsel asserts four "grounds," however these

10   grounds do not meet the standard of exceptional circumstances. Indeed, three of these grounds,

11   claims arising from 42 U.S.C. §§1983 and 1985; "overlapping federal and state proceedings;"

12   and discovery "from multiple agencies," are situations where individuals routinely pursue civil

13   action as pro se litigants and therefore, such circumstances cannot meet the standard of

14   exceptional circumstances. Finally, the ground of "twelve years of misconduct" similarly does

15   not present the type of exceptional circumstance that gives rise to appointment of counsel.

16   Accordingly, the undersigned will recommend Plaintiff's motion to appoint counsel, ECF No.

17   10, be denied.

18   **C.     Motion for Preliminary Injunction, ECF No. 12**

19           The legal principles applicable to requests for injunctive relief are well established.

20   To prevail, the moving party must show that irreparable injury is likely in the absence of an

21   injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v.

22   Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  Under Winter, the test requires a party to

23   demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in

24   the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is

25   in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The

26   Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are

27   'serious questions going to the merits' – a lesser showing than likelihood of success on the merits

28   – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the

1    plaintiff's favor, and the other two Winter factors are satisfied.'" See Shell Offshore, Inc. v.

2    Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v.

3    Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

4            To prevail on a motion for injunctive relief, "there must be a relationship between

5    the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

6    complaint." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir.

7    2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the

8    underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction

9    would grant "relief of the same character as that which may be granted finally."  See id. (quoting

10   De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

11           Here, Plaintiff alleges his irreparable injury as "continued enforcement of parole

12   conditions instead of PRCS . . . false criminal history impacts employment, housing, and legal

13   proceedings .  . [and] false records may be used to justify higher supervision, custody, or

14   enhancements." ECF No. 12, pg. 11.

15           In the first amended complaint, Plaintiff requests relief that is distinct from the

16   relief requested in the motion for preliminary injunction, except for (5), the request for a

17   declaratory judgment. Therefore, as to relief numbers one through four, Plaintiff does not show

18   the nexus between the claims raised in the motion and the claims in the underlying complaint

19   itself. As to the relief that does have such nexus, a declaratory judgment, Plaintiff fails to show he

20   is likely to suffer irreparable harm in the absence of a preliminary injunction. Plaintiff does not

21   explain how, or whether, a declaratory judgment would prevent Plaintiff from suffering the

22   alleged harms. Accordingly, the undersigned will recommend dismissal of the motion for a

23   preliminary injunction, ECF No. 12.

24           **D.      Motion for Expedited Relief, ECF No. 13**

25           Given these findings and recommendations respond to Plaintiff's motion for

26   injunctive relief, the undersigned will recommend the motion for expedited relief, ECF No. 13, be

27   denied as moot.

28   / / /

/ / /

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

        1.     Plaintiff's motion for deferment, ECF No. 16, be DENIED as MOOT;

        2.     Plaintiff's motion to appoint counsel, ECF No 10, be DENIED;

        3.     Plaintiff's motion for preliminary injunction, ECF No. 12, be DENIED;
and

        4.     Plaintiff's motion for expedited relief, ECF No. 13, be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated: October 24, 2025

                                  _____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE