1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY SERMENO,                          No.  2:25-CV-1902-DAD-DMC

12              Plaintiff,

13         v.                                 ORDER

14    DEBBY GROVER, et al.,

15              Defendants.

16

17              Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18    Court are Plaintiff's motion for reconsideration, ECF No. 14 and first amended complaint, ECF

19    No. 15.

20              The Court is required to screen complaints brought by litigants who, as here, have

21    been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this

22    screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).

25    Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

26    action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3),

27    the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

28    / / /

# I. BACKGROUND

Plaintiff filed the original complaint on July 7, 2025. See ECF No. 1. This Court dismissed the complaint with leave to amend. See ECF No. 8. On August 25, 2025, Plaintiff filed a motion to appoint counsel, ECF No. 10, motion for limited discovery, ECF No. 11, motion for preliminary injunction, ECF No. 12, motion for expedited relief, ECF No. 13, motion for reconsideration, ECF No 14, and motion for deferment, ECF No. 16.

### A.    First Amended Complaint, ECF No. 15

On August 25, 2025, Plaintiff filed a first amended complaint, ECF No. 15. Plaintiff's first amended complaint is identical to the original complaint, except that Plaintiff removed the section "Plaintiff's personal history and systemic racial discrimination" and changed the font size. See ECF Nos. 1 and 15. Given it is the same, the Court reiterates the summary of Plaintiff's allegations, citing to the original complaint:

> Plaintiff brings claims against Defendants Debbie Grover, Melissa Romero, A. Smith, and Butte County. See ECF No. 1. According to Plaintiff, Defendant Grover "prepared a pre-sentence report that falsely classified [Plaintiff's] prior conviction as a felony in order to justify a sentencing enhancement" despite such conviction having "been formally reduced to a misdemeanor [ ] years earlier." Id. at 2. Plaintiff also contends that Defendant Grover "failed to include applicable pre-sentence custody credits" in that same report. Id. Plaintiff asserts that Defendants Romero and Smith did not take "any steps to verify or correct the record." Plaintiff states "it was only through [Plaintiff's] efforts – and with the help of his attorney – that certified documents were obtained from Glenn County, forcing the court to correct the record and impost a lesser sentence on September 5, 2024." Id. at 3.
> Further, Plaintiff asserts these actions were the result of "racial discrimination and institutional culture of indifference." Id. Plaintiff provides background on the "historical and systematic discrimination" Black individuals face in the legal system, "consistent with findings in the California Reparations Report, Chapter 11." Id. [sentence summarizing the section *Plaintiff's personal history and systemic racial discrimination* omitted because it was not included in the amended complaint]. Plaintiff asserts fourteen claims against the Defendants, including allegations of violations of Plaintiff's rights to Due Process and Equal Protection, violations of Brady obligations, First Amendment retaliation, involuntary servitude under the Thirteenth Amendment, municipal liability claims arising from these allegations against Defendant Butte County, and a violation of international law. See id. at 5-15.

> ECF No. 8.

/ / /

/ / /

/ / /

1       **B.       Motion for Reconsideration, ECF No. 14**

2              In his motion for reconsideration, Plaintiff states that relief is warranted under

3    Federal Rule of Civil Procedure 59(e).  See ECF No. 14, pg. 2.  Plaintiff asserts that while the

4    error in his sentencing report was corrected and ultimately did not impact his sentencing, "the

5    dissemination of this report to a third party with judicial power constituted reputational harm and

6    exposed Plaintiff to significant risk of a more severe sentence." Id. at 3. Plaintiff cited

7    TransUnion LLC v. Ramirez, 594 U.S. 413, 435 (2021), in support of this argument. See id.

8    Plaintiff additionally cited Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001), arguing that the

9    "material misstatement of fact made under color of state law, and relied on during criminal

10   proceedings . . . is sufficient under Devereaux." Id. at 3-4. Plaintiff contends that Devereaux

11   establishes that "§1983 liability attaches where an official either **engages in the deliberate**

12   **falsification of evidence** or fails to intervene in the fact of such conduct." Id. at 5 (emphasis in

13   original) (citing Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001)).

14             Plaintiff compares his allegations to Delew v. Wagner, 143 F.3d 1219 (9th Cir.

15   1998), contending that "the 'cover-up' or use of false information in reports 'deprives a person of

16   fair criminal proceedings' and is independently actionable." Id. at 4 (quoting Delew v. Wagner,

17   143 F.3d 1219 (9th Cir. 1998)). Additionally, Plaintiff asserts that "because the report was used at

18   sentencing, the injury is not hypothetical – Plaintiff had to actively fight to correct the record in

19   real-time, under threat of unlawful enhancement. That cost – time, stress, reputation, and due

20   process burden – is legally sufficient." Id. Plaintiff further argues that his due process rights were

21   violated because "Defendant Grocer subjected Plaintiff—or at a minimum caused Plaintiff to be

22   subjected –to a potential sentence based on false premises." Id. at 5.

23             Plaintiff further asserts that the actions alleged constitute a "conspiracy to deprive

24   Plaintiff of constitutional rights under §1985. See id. at 6. Plaintiff contends that "Defendants'

25   actions cannot be immunized by the fact that Plaintiff's sentence was ultimately corrected. The

26   core of conspiracy liability is not the completed harm, but the agreement to cause it and the

27   substantial risk of deprivation created by that agreement." Id. at 7 (citing Haddle v. Garrison, 525

28   U.S. 121 (1998) and Crow v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010)). Plaintiff

3

1    requested an order vacating the screening order, that the Court allow the claims to proceed, and to

2    permit Plaintiff to begin discovery, in the alternative, Plaintiff requested leave to amend. See id.

3    at 8.

4

5                                    **II. DISCUSSION**

6              Plaintiff was provided leave to amend to cure the deficiency the Court identified in

7    his original complaint. See ECF No. 8. Plaintiff's first amended complaint is almost identical to

8    the original complaint and provides no new facts to address the previously identified deficiency.

9    See ECF No. 15. However, because Plaintiff's additional motions and filings indicate he may be

10   able to cure such deficiency, and out of an abundance of caution, the Court will provide Plaintiff

11   with leave to amend.

12        A.        **First Amended Complaint, ECF No. 15**

13              Plaintiff's first amended complaint is almost identical to the original complaint,

14   except that Plaintiff removed one section that was in the original complaint. See ECF Nos. 1 and

15   15. This Court screened Plaintiff's original complaint and dismissed it with leave to amend,

16   finding Plaintiff lacked standing to bring the action because he alleged no concrete harm or injury

17   in fact. See ECF No. 8, pg. 3. The Court said:

18              Here, Plaintiff contends that Defendants violated his constitutional rights
             by including "false" information in a sentencing report "affecting [Plaintiff's]
19           sentencing exposure." ECF No. 1, pg. 2. However, Plaintiff contends that this error
             was fixed before Plaintiff's sentencing and therefore, Plaintiff suffered no concrete
20           harm, or injury in fact, as a result of this "falsely classified" prior conviction.
             Plaintiff asserted that there was the potential of an injury, and such injury was
21           avoided, not that he suffered a concrete, particularized injury. Accordingly,
             Plaintiff has not established standing to pursue this action.
22
             Id.
23

24              Though Plaintiff was provided leave to amend and advised of this deficiency,

25   Plaintiff filed an amended complaint nearly identical to the original complaint. See ECF Nos. 1

26   and 15. Plaintiff did not address the deficiency identified nor provide any new allegations for the

27   Court to consider. See id. The Court cannot refer to the prior pleading in order to make Plaintiff's

28   amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in

                                           4

1    itself without reference to any prior pleading. See id. However, the Court notes that Plaintiff's

2    additional filings indicate that he may be able to cure such deficiency. Given Plaintiff's pro se

3    status and out of an abundance of caution, the Court will provide Plaintiff with an additional

4    opportunity to amend his complaint to show Plaintiff suffers a concrete harm or injury in fact.

5        **C.    Motion for Reconsideration, ECF No. 14**

6        In Plaintiff's motion for reconsideration, he requested reconsideration of his

7    original complaint or in the alternative, leave to amend his complaint. See ECF No. 14. This

8    Court already provided Plaintiff leave to amend, ECF No. 8, and Plaintiff filed an amended

9    complaint. Thus, Plaintiff was already provided the relief he requested. See ECF No. 8. Further,

10   the Court again is providing Plaintiff with leave to amend. Thus, Plaintiff's motion for

11   reconsideration, ECF No. 14, will be denied as moot and Plaintiff may file an amended complaint

12   within 30 days of this order.

13

14                          **III. CONCLUSION**

15       Because it is possible that some of the deficiencies identified in this order may be

16   cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the

17   entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff

18   is informed that, as a general rule, an amended complaint supersedes the original complaint. See

19   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

20   amend, all claims alleged in the original complaint which are not alleged in the amended

21   complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if

22   Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

23   Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be

24   complete in itself without reference to any prior pleading. See id.

25       If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

26   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See

27   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

28   each named defendant is involved and must set forth some affirmative link or connection between

each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167

(9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   Finally, Plaintiff is warned that failure to file an amended complaint within the

time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

   Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's first amended complaint, ECF No. 15, be DISMISSED with leave to
amend;

  2. Plaintiff's motion for reconsideration, ECF No. 14, be DISMISSED as MOOT;
and

  3. Plaintiff shall file a second amended complaint within 30 days of the date of
service of this order.

Dated:  October 28, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6